IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| HOWARD HAWK WILLIS #473273, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:20-cv-00278 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| PAUL BRUNO, | ) | |
| Defendant | ) | |

**MEMORANDUM AND ORDER**

Howard Willis, a convicted state inmate in the Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The matter is before the Court for a ruling on Plaintiff's application to proceed in forma pauperis (IFP). (Doc. No. 2.) The complaint is also before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA). 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e.

### I.    APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the Court **GRANTS** his motion (Doc. No. 2) to proceed IFP in this matter.

Plaintiff is still responsible for paying the full filing fee, however, as required by Section 1915(b). The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be

paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Riverbend Maximum Security Institutiton to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. INITIAL REVIEW

Title 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Because Plaintiff's lawsuit clearly fails the second prong, the Court need not even consider the first. Plaintiff sues his appointed counsel for alleged "subpar" and unethical representation in the course of Plaintiff's criminal post-conviction proceedings in state court. (Doc. No. 1.) But an attorney appointed to represent an indigent party "does not act under color of state law when

performing a lawyer's traditional functions as counsel." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A fellow court in this circuit has explained the application of this rule to criminal defense attorneys and post-conviction attorneys:

> A court-appointed attorney, like any retained counsel, serves his client. Apparently Whisnant is of the impression that a court-appointed attorney representing a client in the defense of a criminal charge or in a post conviction proceeding in state court is acting under color of state law, within the meaning of 42 U.S.C. § 1983. Whisnant cites no authority and the Court does not find any which supports this view. To the contrary, courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a Bivens-type action); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (court-appointed attorney representing criminal defendant does not act under color of state law); *United States ex rel. Simmons v. Ziblich*, 542 F.2d 259 (5th Cir. 1976) (A court-appointed defense attorney acting in a criminal case does not act under color of state law because no state action exists.); *also see Harkins v. Eldredge*, 505 F.2d 802 (8th Cir. 1974); *Page v. Sharpe*, 487 F.2d 567 (1st Cir. 1973); *Stewart v. Meeker*, 459 F.2d 669 (3d Cir. 1972); *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972); *French v. Corrigan*, 432 F.2d 1211 (7th Cir. 1970); *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968); *Harris v. Ward*, 418 F. Supp. 660 (S.D.N.Y. 1976).
>
> The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Although the record does not reflect that either Attorney Donelson or Attorney Stokes is a public defender, but rather seemingly reflects they were court-appointed private attorneys, the rule is likewise applicable to court-appointed private attorneys. Thus, neither Attorney Donelson nor Attorney Stokes is suable in a § 1983 action because a private attorney, despite the fact he has been appointed by the court, does not act under color of state law for purposes of § 1983. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (court-appointed attorney representing criminal defendant does not act under color of state law). As the Supreme Court has observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[ ] . . . and when representing an indigent defendant in a state criminal proceeding" *West v. Atkins*, 487 U.S. at 50, a criminal lawyer does not act under color of state law for purposes of § 1983 because, regardless of the fact that he is appointed by the State, he is the State's adversary and not acting on the State's behalf. Thus, neither Attorney Donelson nor Attorney Stokes was transformed into a state official acting under color of state law for purposes of § 1983 because, even though they were appointed by a state court pursuant to state law, they did not act on the State's behalf; both attorneys were the State's adversary.

*Whisnant v. Stokes*, No. 1:08-CV-229, 2008 WL 4763853, at *5 (E.D. Tenn. Oct. 28, 2008).

Plaintiff's appointed post-conviction attorney is, therefore, not a state actor subject to suit under Section 1983.

### III. CONCLUSION

This action is therefore **DISMISSED** for failure to state a claim upon which relief can be granted. This is the final Order denying all relief in this matter. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Any appeal from this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE